CLAIBORNE, Judge
(concurring).
I concur with the result and with the legal conclusions of the majority. Breach of a warranty will void a fire insurance policy provided the insurer shows a resulting increase in either the moral or physical hazard. No causal relationship to the damage or loss need be shown.
I do not agree with some of the factual conclusions reached by the majority concerning the origin of the fire. The preponderance of the evidence, which is all that is required to prove a fact, is evidence which as a whole shows that the fact sought to be proved is more probable than not. Braud v. Kinchen, 310 So.2d 657 (La.App. 1st Cir. 1975). As I read the evidence the preponderance establishes that the fire began in the concealed transmission and its controls where the fire was first noticed rather than the more visible engine compartment, ex *1245 haust manifold and protection belly pan all of which are situated to the front of the operator, and where no flames were noticed. It was an oil or fuel fire; not a trash fire. These facts are relevant to the position of the dissent, although immaterial to the majority holding. If I agreed with the view of the law held by the dissent, the facts would compel me to join the dissent.
The majority points out that insurers, by unambiguous and clearly noticeable provisions, may limit their liability by imposing reasonable conditions on the obligations they assume. Whether the conditions imposed by the insurer are “reasonable” deserves consideration in the instant case. In my opinion the requirement that the machine be equipped with a fire extinguisher other than standard factory equipment without a showing that the standard equipment was smaller, less effective or in any way inferior to the specified model, and particularly when the matter is not discussed with the insured, is unreasonable.
A warranty which would require an industrial machine to be stopped and cleaned so often that the machine becomes economically useless is an unreasonable condition. The warranty provision in this case does not, however, necessarily require such frequent stoppage. Since the number of times per day is not specified, the clause is subject to judicial interpretation, and a reasonable number of times would satisfy the warranty. This condition was not fulfilled. The warranty provision requiring removal of trash and accumulations of fuel and leaves from the specified areas before discontinuing work for the day is reasonable. It was shown that this practice would reduce the physical hazard of fire, although no causal relationship to the fire loss in the present case was shown.
The violation of these warranty conditions void the policy.
I concur.